UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2009 DEC 30 A 11:08

| | |
|---|---|
| Henry Gilmore, # 00318-045, | C/A No. 2:09-3278-DCN-RSC |
| Plaintiff, | |
| vs. | Report and Recommendation |
| Department of Defense, Bureau of Army;<br>Mrs. Roberts, Case Worker;<br>Mr. King, Case Worker;<br>Mrs. Williams, Counselor;<br>Mr. Simon, Records;<br>Julie J. Armstrong, Clerk of Court, | |
| Defendants. | |

## Background of this Case

The plaintiff is an inmate at FCI-Estill. He has brought suit against the "Bureau of" the Army, the Department of Defense, three employees at FCI-Estill, and the Clerk of Court for Charleston County. This civil rights action arises out of the requirement that the plaintiff, who was apparently convicted of a sex offense in a court martial in the late 1970's, register as a sex offender. The plaintiff also alleges that BOP staff tricked him into signing papers, wherein he agreed to register as a sex offender. The plaintiff also alleges that the Clerk of Court for Charleston County has failed to file his papers. In his prayer for relief,

1

the plaintiff seeks an investigation by Internal Affairs, appointment of a "street lawyer" and a "JAG lawyer" to assist the plaintiff, a court order for a polygraph testing for all parties in this case, garnishment of the defendants' wages, an order protecting the plaintiff from retaliation, an order that the defendants be "fired," and compensation for pain and suffering.

## Discussion

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2]

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint
(continued...)

*Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nonetheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district

---

(...continued)
that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

This matter is before the court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983. The plaintiff has filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. The plaintiff's motion to proceed *in forma pauperis* should be denied, and the complaint should be dismissed *without prejudice* if he fails to pay the full three hundred fifty dollar ($350) filing fee. The plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in

4

full the filing fee. Nevertheless, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even if the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

The plaintiff has filed numerous complaints in at least three federal judicial districts. In this district alone, the plaintiff has filed eleven (11) *pro se* civil actions (excluding this case) since 2005. *See Gilmore v. Pettiford, et al.*, Civil Action No. 2:08-0330-DCN-RSC (D.S.C. 2008); *Gilmore v. Wright, et al.*, Civil Action No. 2:07-02679-DCN-RSC (D.S.C. 2007); *Gilmore v. Purri, et al.*, Civil Action No. 2:06-00928-DCN-RSC (D.S.C. 2006) (dismissed under 28 U.S.C. § 1915(g); *Gilmore v. Howard, et al.*, Civil Action No. 2:05-03183-DCN-RSC (D.S.C. 2005) (dismissed under 28 U.S.C. § 1915(g)); *Gilmore v. Frazier, et al.*, Civil Action No. 2:05-02079-DCN-RSC (D.S.C. 2005); *Gilmore v. Harrision et al.*, Civil Action No. 2:05-01563-DCN-RSC (D.S.C. 2005); *Gilmore v. Triplet, et al.*, Civil Action No. 2:05-01375-DCN-RSC (D.S.C. 2005); *Gilmore v. Inzerillo*, Civil Action No. 2:05-01106-DCN-RSC (D.S.C.2005); *Gilmore v. Wynn*, Civil Action No. 2:05-00703-DCN-RSC (D.S.C. 2005); *Gilmore v. Austin*, No. 2:05-0194-DCN-RSC (D.S.C. 2005); *Gilmore v. Sink*, Civil Action No. 2:05-00128-DCN-RSC (D.S.C. 2005). "Strikes" were entered in No. 2:05-01563-DCN-RSC and No.

2:05-0194-DCN-RSC. Hence, the plaintiff has two (2) "strikes" entered in the District of South Carolina.

The plaintiff filed an action in the Western District of Oklahoma, which was dismissed when he failed to file documents required by the PLRA. *See Gilmore v. Morris*, No. 5:01-1425(W.D. Okla. 2001). The plaintiff also has filed a number of actions under 42 U.S.C. § 1983 in the Eastern District of North Carolina. In *Gilmore v. Amy, et al.*, No. 5:01-0455-BO (E.D.N.C. 2001), the plaintiff sought leave to file his case *in forma pauperis*. The United States District Court for the Eastern District of North Carolina dismissed the plaintiff's case under the "three strikes" provision of 28 U.S.C. § 1915(g) because the plaintiff had at least three previous cases dismissed as frivolous or for failure to state a claim, and he failed to demonstrate that he was under imminent danger of serious physical injury. *See Gilmore v. Street, et al.*, No. 5:00-CT-950-H (E.D.N.C., Jan. 29, 2001) (dismissed as frivolous); and *Gilmore v. Raper, et al.*, No. 5:99-CT-782-BR (E.D.N.C., Mar. 8, 2000) (dismissed as frivolous).

In light of the plaintiff's prior "strikes" in the District of South Carolina and in other federal judicial districts, the plaintiff cannot proceed *in forma pauperis* with this complaint unless his claims satisfy the exception for imminent physical harm provided by the "three strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3rd Cir. 2001); and

*Banos v. O'Guin*, 144 F.3d 883 (5th Cir.1998). This complaint does not fit within this exception to proceed *in forma pauperis* as the plaintiff does not allege that he is in imminent danger of serious physical injury. Indeed, the sex offender registration claims are not ripe because the BOP website indicates that the plaintiff's max-out date is not until August 23, 2010.³ *See, e.g., Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972). *Cf. Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982) (for a plaintiff to have standing, the injury must have resulted from the defendant's or defendants' actions).

To proceed with this case, the plaintiff must pay the full $350 filing fee. If the plaintiff timely pays the full $350 filing fee, his complaint will, then, be subject to review by the undersigned to determine if service of process should or should not be authorized.⁴

---

³This federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *See In Re Katrina Canal Breaches Consolidated Litigation*, 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); and *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

⁴Even if the plaintiff pays the full $350 filing fee, the above-captioned case would be subject to summary dismissal. The Department of Defense and the United States Army are immune from suit because a *Bivens* action may not be brought against agencies of
(continued...)

## Recommendation

It is recommended that the plaintiff's motion to proceed *in forma pauperis* (Entry No. 2) be **denied**. It is further recommended that the District Court give the plaintiff twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation (or a specific date determined by the United States District Judge) to pay the full $350 filing fee, so that this matter can be returned to the undersigned magistrate judge to conduct a review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915A. If the plaintiff fails to pay the full $350 filing fee within the time period set by the United States District Judge, or seek an extension of time to do so, it is further recommended that, by a self-executing judgment or by additional order of this District Court, the complaint be dismissed *without prejudice* and

---

(...continued)
the United States. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies). The plaintiff's claims relating to his conviction in a court martial are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Velasco v. United States*, 585 F. Supp. 2d 1, 4-5 (D.D.C. 2008) (*Heck v. Humphrey* applies to convictions entered in courts martial). The Clerk of Court for Charleston County has quasi judicial immunity from suit. *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). Also, this federal court cannot "fire" or suspend the individual defendants from their jobs. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), citing *United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960).

without issuance and service of process. The plaintiff's attention is directed to the Notice on the next page.

December 29, 2009
Greenville, South Carolina

Robert S. Carr
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).